# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN RICHARDSON, | CASE NO. CV-F-05-1424 AWI LJO |
| Plaintiff, | **ORDER TO SEVERE PLAINTIFF'S CLAIMS AND ON FILING FEE** |
| vs. | |
| T. SILVA, et al, | |
| Defendants. / | |

The United States District Court, District of Maryland recently transferred this action to this Court. Plaintiff Allen Richardson ("plaintiff") proceeds pro se and filed in this action several "civil complaints" which this court construes as two separate legal actions. F.R.Civ.P. 21 provides that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "any claim against a party may be severed and proceeded with separately." F.R.Civ.P. 21 applies when claims asserted by or against the joined parties do not arise out of the same transaction or occurrence or do not present a common question of law or fact. *See* F.R.Civ.P. 20(a); *Pan Am Airways v. United States Dist. Ct.*, 523 F.2d 1073, 1080 (9th Cir. 1975). Courts have broad discretion regarding severance. *Davis v. Mason County*, 927 F.2d 1473, 1479 (9th Cir. 1991).

Plaintiff's claims against defendants T. Silva and P. Mark do not arise out of the same transaction or occurrence and do not present a common question of law or fact as plaintiff's claims against the other defendants, J. Isquierdo, P. Xiong and R.W. Garrison. As such, the claims against defendants T. Silva and P. Mark should be severed from those against defendants J. Isquierdo, P. Xiong and R.W. Garrison.

Dockets.Justia.com

On the basis of good cause, this Court:

1. ORDERS that plaintiff shall proceed in this case number CV F 05-1424 AWI LJO against only defendants T. Silva and P. Mark;

2. SEVERES plaintiff's claims against T. Silva and P. Mark from plaintiff's claims against defendants J. Isquierdo, P. Xiong and R.W. Garrison;

3. DIRECTS this Court's clerk to:

    a. Open a single, separate civil action for plaintiff's claims against defendants J. Isquierdo, P. Xiong and R.W. Garrison;

    b. Assign the new action to the district judge and magistrate judge assigned to this case number CV F 05-1424 AWI LJO and to make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. File and docket a copy of this order in the new action for plaintiff's claims against defendants J. Isquierdo, P. Xiong and R.W. Garrison;

    d. File plaintiff's "civil complaints" in the new action for plaintiff's claims against defendants J. Isquierdo, P. Xiong and R.W. Garrison; and

    e. Serve plaintiff an endorsed copy of his "civil complaints" bearing the case number in the new action for plaintiff's claims against defendants J. Isquierdo, P. Xiong and R.W. Garrison.

4. ORDERS plaintiff, no later than December 7, 2005, to pay the $250 filing fee for this case number CV F 05-1424 AWI LJO and the new action for plaintiff's claims against defendants J. Isquierdo, P. Xiong and R.W. Garrison, or alternatively, to submit fully completed in forma pauperis applications to demonstrate he is entitled to proceed without prepayment of fees in this case number CV F 05-1424 AWI LJO and the new action for plaintiff's claims against defendants J. Isquierdo, P. Xiong and R.W. Garrison.

**Failure to timely comply with this order will result in a recommendation to dismiss this action. This Court will take no action on plaintiff's claims until plaintiff complies with this order.**

IT IS SO ORDERED.

**Dated:    November 16, 2005                    /s/ Lawrence J. O'Neill**

2

1   66h44d                           UNITED STATES MAGISTRATE JUDGE